IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ARNOL LANZA, on behalf of himself and all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) ) | Case No.: 5:18-cv-66 |
| v. | ) ) | |
| | ) | Collective and Class Action |
| ARANA STONE, LLC; CRISTIAN J. ARANA-MEDINA; and MARVIN G. BANEGAS-MEDINA | ) ) ) | **COMPLAINT** |
| | ) | |
| *Defendants*. | ) ) | |
| | ) ) | |
| | ) | |

COMES NOW, Arnol Lanza ("Named Plaintiff"), on behalf of himself and all others

similarly situated (collectively "Named, Opt-In, and Putative Plaintiffs"), by and through

undersigned counsel, hereby sets forth this collective action against Defendants Arana Stone, LLC;

Cristian J. Arana-Medina; and Marvin G. Banegas-Medina (collectively "Defendants"), and

alleges as follows:

## PRELIMINARY STATEMENT

1.      This action is brought individually and as a collective action for unpaid overtime

compensation, liquidated damages, and all related penalties and damages under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants had a systemic company-wide

policy, pattern, or practice of misclassifying their employees as independent contractors, willfully

failing to compensate employees for all hours worked, willfully failing to compensate employees

at the appropriate overtime rate for overtime hours worked, and violating statutory record-keeping

provisions.

2.      Defendants' pay practices and policies were in direct violation of the FLSA and the NCWHA.  Accordingly, Named, Opt-In, and Putative Plaintiffs seek unpaid overtime compensation, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4.      The United States District Court for the Eastern District of North Carolina has personal jurisdiction because Defendants conduct business in Cumberland County, North Carolina which is located within this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conducted business within the Eastern District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

6.      The claims for violations of the NCWHA are based upon the statutory law of the State of North Carolina.

7.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

8.      All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

9.      The evidence establishing liability for both causes of action will be similar, and neither issue will predominate nor create confusion for a jury.

## PARTIES

10.     Named Plaintiff is an adult resident of the State of North Carolina, residing at 617 River Front Lane, Fayetteville, NC 28314. He worked for Defendants as an hourly-paid stonemason from approximately October of 2014 until August 21, 2017.

11.     The FLSA collective action Opt-In and Putative Plaintiffs consist of individuals who did work or have worked for Defendants (either as separate or joint employers), as hourly-paid workers, who were classified as independent contractors, and who were suffered or permitted to work by Defendants, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

12.     The NCWHA Rule 23 proposed class action members consist of individuals who did work or have worked for Defendants (either as separate or joint employers), as hourly-paid workers, who were classified as independent contractors, and who were suffered or permitted to work by Defendants, at any time within the two (2) year period prior to the filing of this lawsuit.

13.     Defendant Arana Stone, LLC ("Defendant Arana Stone") is a domestic Limited Liability Company, registered in the State of North Carolina since October 10, 2007, with its principal place of business in North Carolina located at 1111 Bragg Blvd., Fayetteville, NC 28301. At all relevant times, Defendant Arana Stone has been an employer of Named, Opt-In, and Putative Plaintiffs, and is thus liable as an employer, joint employer, single enterprise and/or otherwise according to statutory law.

14.     Defendant Cristian J. Arana-Medina ("Defendant Arana") is an individual who resides at 71 Waber Court, Smithfield, NC 27577. Defendant Arana is, at all times relevant to this action, an owner, agent or principal of Defendant Arana Stone, and was closely involved in its hiring, firing, and wage payment decisions during the relevant period. As such, Defendant Arana has, at all relevant times, done business in North Carolina and has been an employer of Plaintiff,

opt-ins, and putative plaintiffs or other similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory law.

15.     Defendant Marvin G. Banegas-Medina ("Defendant Banegas") is an individual who resides at 22 Waber Court, Smithfield, NC 27577.  Defendant Banegas is, at all times relevant to this action, closely involved in Defendant Arana Stone's hiring, firing, and wage payment decisions during the relevant period.  As such, Defendant Banegas has, at all relevant times, done business in North Carolina and has been an employer of Plaintiff, opt-ins, and putative plaintiffs or other similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory law.

16.     Upon information and belief, during the time period relevant to this action, each Defendant was an employer, joint employer, or member of an integrated, common enterprise, that employed Named, Opt-In, and Putative Plaintiffs, pursuant to the FLSA and NCWHA, in that each Defendant, or its agents, held or implemented the power, *inter alia*, to control the work performance of Named, Opt-In, and Putative Plaintiffs, and each Defendant received the benefit of Named, Opt-In, and Putative Plaintiffs' labor.  More information about the nature and role of each Defendant within the enterprise is provided below.

## COVERAGE

17.     At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Named, Opt-In, and Putative Plaintiffs.

18.     At all times material to this action, Defendants were employers within the defined scope of the FLSA, 29 U.S.C. § 203(d).

19.     At all times material to this action, Named, Opt-In, and Putative Plaintiffs were

individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

20.     At all times material to this action, Defendants were an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose, as defined by the FLSA, 29 U.S.C. § 203(r).

21.     At all times material to this action, Defendants were joint employers pursuant to 29 C.F.R. § 791.2.

22.     At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## GENERAL FACTUAL ALLEGATIONS

23.     Named Plaintiff worked for all Defendants, either separately or jointly, from approximately October 2014 through August 21, 2017.

24.     Named, Opt-In, and Putative Plaintiffs worked as hourly-paid stonemasons on behalf of all Defendants, fabricating and installing granite counter-tops, mantles, tables, etc. Named, Opt-In, and Putative Plaintiffs were not paid a salary for their work.

25.     From approximately December 2015 to March 30, 2016, Named, Opt-In, and Putative Plaintiffs typically worked six (6) days per week, from Monday through Saturday, from approximately 7:00am to 11:00pm during the week and from 7:00am to 5:00pm on Saturdays. They also took a thirty-minute lunch break three times per week.  Accordingly, during this period, Named, Opt-In, and Putative Plaintiffs typically worked approximately 87 hours per week. From

approximately April 1, 2016 to August 21, 2017, Named, Opt-In, and Putative Plaintiffs typically worked Monday through Friday from 7:00am to 7:00 or 8:00pm and from 7:00am to 5:00pm. They also took a one-hour unpaid lunch break three times per week. Accordingly, during this period, Named, Opt-In, and Putative Plaintiffs typically worked approximately 72 hours per week.

26.     The long schedules that Defendants required Named, Opt-In, and Putative Plaintiffs to work virtually eliminated their ability to pursue sources of income outside of their jobs with Defendants.

27.     Defendants, in their sole discretion, set Named, Opt-In, and Putative Plaintiffs' hourly rate(s) of pay. Named, Opt-In, and Putative Plaintiffs had no control over their profit or loss capabilities, despite the fact that Defendants classified them as independent contractors.

28.     Named, Opt-In, and Putative Plaintiffs were not permitted to hire their own employees, despite the fact that Defendants classified them as independent contractors. Likewise, if Named, Opt-In, and Putative Plaintiffs did not show up to work, they could not send a replacement hired by them to perform the work.

29.     Defendants instructed, supervised, and corrected all aspects of Named, Opt-In, and Putative Plaintiffs' work, despite the fact that Defendants classified them as independent contractors.

30.     Defendant Arana Stone supplied Named, Opt-In, and Putative Plaintiffs with building materials and tools needed to perform their work.

31.     Throughout the course of their employment, Defendants regularly failed to pay Named, Opt-In, and Putative Plaintiffs their overtime compensation at a rate of time and a half.

32.     All Defendants always had access to Named, Opt-In, and Putative Plaintiffs' time records.

33.     As described herein, Defendants, as direct or joint employers, willfully violated Named, Opt-In, and Putative Plaintiffs' rights, and the rights of those similarly situated, by failing to pay them the wages they were owed.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.     Named Plaintiff brings the First Count of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees.

35.     Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who did work or have worked for Defendants (either as separate or joint employers), as hourly-paid workers, who were classified as independent contractors, and who were suffered or permitted to work by Defendants, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

36.     These putative plaintiffs or similarly situated employees are known to all Defendants, are readily identifiable, and may be located through all Defendants' records.

37.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named, Opt-In, and Putative Plaintiffs.

38.     Named Plaintiff requests that he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

39.     Pursuant to 29 U.S.C. § 216(b), attached to and filed with the instant Complaint as Exhibit A, is a Consent to File Suit as Plaintiff executed by Named Plaintiff.

## NCWHA CLASS ACTION ALLEGATIONS

40.     Named Plaintiff brings the Second Count of the instant Complaint as a class action

pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*

41.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

42.     The Proposed Class:  Individuals who did work or have worked for Defendants (either as separate or joint employers), as hourly-paid workers, who were classified as independent contractors, and who were suffered or permitted to work by Defendants, at any time within the two (2) year period prior to the filing of this lawsuit.

43.     Numerosity:     The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises of at least twenty (20) persons.

44.     Common Questions Predominate: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Named, Opt-In, and Putative Plaintiffs have been harmed by Defendants' failure to pay all owed, earned, and promised wages.  The common questions of law and fact include, but are not limited to, the following:

> a.  Whether Named, Opt-In, and Putative Plaintiffs were employees misclassified as independent contractors, pursuant to the NCWHA;
>
> b.  Whether Defendants refused to pay Named, Opt-In, and Putative Plaintiffs all owed, earned, and/or promised wages, on their regular pay date, in violation of N.C.

Gen. Stat. §§ 95-25.6, 95-25.7, and 95-25.13; and

    c.    Whether Defendants compensated Named, Opt-In, and Putative Plaintiffs for all of their hours worked.

45.    <u>Typicality</u>: The claims of Named Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Defendants, as alleged herein, including failing to pay employees all of their owed, earned, and/or promised wages pursuant to N.C. Gen. Stat. § 95-25.6. Defendants' compensation policies and practices affected all putative class members similarly. Named Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

46.    <u>Adequacy of Representation</u>: Named Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Named Plaintiff and members of the proposed class. Named Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

47.    <u>Superiority</u>:    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the

wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action.  Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties.  The issue in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

48.    <u>Public Policy Considerations</u>: Defendants violated the NCWHA.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

**<u>COUNT ONE</u>**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 206, 207**
**(Failure to Minimum and Overtime Wages)**
**(On Behalf of Named, Opt-In, and Putative Plaintiffs)**

49.    Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

50.    The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employer" as "any person acting directly or indirectly in the interest of

an employer in relation to an employee," 29 U.S.C. § 203(d). The FLSA defines "employ" broadly, to cover anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. § 203(g).

51.     Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

52.     Pursuant to the FLSA, 29 U.S.C. § 207, employers must pay non-exempt employees at a rate of one and one-half (1.5) times their regular rate of pay, for all hours worked over forty (40) in one week.

53.     At all relevant times, Named, Opt-In, and Putative Plaintiffs were non-exempt, covered employees pursuant to the FLSA. *See* 29 U.S.C. § 203(e).

54.     Named, Opt-In, and Putative Plaintiffs were employed, either directly or jointly, by all respective joint employer Defendants, and were paid on an hourly basis to perform manual labor and/or other duties that do not satisfy the tests for exempt positions under the FLSA.

55.     Defendants compensated Named, Opt-In, and Putative Plaintiffs as independent contractors, without regard to their legal obligations under the FLSA.

56.     Named and Putative Plaintiffs typically worked more than forty (40) hours per week, but did not receive overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked over forty (40).

57.     Defendants do and did not maintain accurate records of all hours worked by Named and Putative Plaintiffs, as required by the FLSA, 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a).

58.     Named, Opt-In, and Putative Plaintiffs regularly complained to Defendants about their unlawful pay practices.

59.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), permitting the recovery of unpaid minimum wages for

up to three (3) years, rather than two (2) years.

60.     As such, Named, Opt-In, and Putative Plaintiffs seek to recover from Defendants the following damages:

      a.   Minimum wages due;

      b.   Overtime wages due;

      c.   Liquidated damages in an equal amount;

      d.   Reasonable attorneys' fees and costs;

      e.   Pre-judgment interest; and

      f.   All other legal and equitable relief as the Court deems just and proper.

**COUNT TWO**

**Violation of the North Carolina Wage and Hour Act**
**N.C. Gen. Stat. §§ 95-25.6, .7, and .13**
**(Failure to Pay All Owed, Earned, and/or Promised Wages)**
**(On Behalf of Named, Opt-In, and Putative Plaintiffs)**

61.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

62.     At all relevant times, Defendants have employed Named Plaintiff, Opt-In, and Putative Plaintiffs within the meaning of the NCWHA.

63.     Defendants employed Named, Opt-In, and Putative Plaintiffs within the State of North Carolina.

64.     It is unlawful under North Carolina law for an employer to "suffer or permit" an employee to work without paying owed, promised, or earned wages for all hours worked, in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

65.     Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, employers must pay all owed, earned, and/or promised wages accruing to their employees, for all hours of work, at their regular

hourly rate.

66.	Defendants, pursuant to their policies and practices, knowingly failed to pay wages to Named, Opt-In, and Putative Plaintiffs for all hours worked, by misclassifying Named, Opt-In, and Putative Plaintiffs as independent contractors, and by willfully refusing to compensate them for all hours worked at their agreed-upon hourly rates.

67.	As set forth above, Named, Opt-In, and Putative Plaintiffs have sustained losses and lost compensation as a proximate result of all Defendants' violations.

68.	For the reasons stated above, including, but not limited to, ignoring complaints lodged by Named, Opt-In, and Putative Plaintiffs, and proceeding in their practices.  Defendants cannot affirmatively defend their NCWHA violations as having been done in good faith, entitling Named, Opt-In, and Putative Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under N.C. Gen. Stat. § 95-25.22(a1).

69.	Accordingly, Named, Opt-In, and Putative Plaintiffs seek to recover from Defendants the following damages:

a.	Earned, owed, and/or promised wages due;

b.	Liquidated damages in an equal amount;

c.	Reasonable attorneys' fees and costs;

d.	Pre- judgment interest; and

e.	All other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and all those similarly situated, prays that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the NCWHA, and designate Named as a representative on behalf of all those similarly situated under the NCWHA class;

3. Award Named Plaintiff and all those similarly situated actual damages for all unpaid and misappropriated wages found due to Named Plaintiff and those similarly situated, and liquidated damages equal in amount, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1), and pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Named Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA, 29 U.S.C. § 216(b);

5. Award Named Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6. Award Named Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, February 20, 2018.

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez, NCSB #36812
Michael B. Cohen, NCSB #50629
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Phone: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorneys for Plaintiff*